**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2162-18T1

DORENA CALBAZANA,

     Plaintiff-Respondent,

v.

EVRON COOPER, JR.,

     Defendant-Appellant.

_____

Submitted September 16, 2019 – Decided October 31, 2019

Before Judges Rothstadt and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FM-04-1249-13.

Newman & Ingemi, LLC, attorneys for appellant (Scott J. Newman, on the briefs).

Dorena Calbazana, respondent pro se.

PER CURIAM

This is an appeal of a post-judgment order entered in the Family Part on December 21, 2108, denying defendant Evron Cooper, Jr.'s motion seeking

reconsideration of a prior order entered on October 26, 2018. The October order compelled defendant to contribute to the college expenses of the parties' son. Defendant also challenges the provision in the December 21, 2018 order that granted plaintiff Dorena Calbazana's cross-motion for the counsel fees incurred in defending the motion for reconsideration. We affirm, substantially for the reasons set forth in Judge Yolanda C. Rodriguez's thorough oral decision as placed on the record on December 21, 2018. We add only the following comments.

We discern the following facts from the record. Plaintiff and defendant were married on February 14, 1998. The parties have one child, a son. On January 6, 2003, a final judgment of divorce was entered, incorporating by reference a property settlement agreement (PSA) entered by and between the parties. Concerning anticipated college costs, the PSA specified that if their son

> continues schooling beyond high school and is enrolled in college on a full time basis at the time of his high school graduation, the parties shall renegotiate responsibility for payment of college expenses and/or continuation of support while the child attends college. If the parties cannot agree on payments for child support and/or college expenses while [the] child attends college, either party may apply to a Court of competent jurisdiction for determination of the disagreement. The parties' share of the college expenses should not be calculated until after utilizing all available scholarships, grants and loans. The

A-2162-18T1

College shall be selected by the child, with the agreement of both parents, giving due consideration to the financial ability of both parties to pay the costs. Upon the child's emancipation as defined in paragraph Sixth (C), neither party shall have any further obligation to contribute toward college expenses.[1] [2]

The son began attending Camden Community College in fall 2016. He incurred a total cost of $10,732 for his attendance at the two-year school. Thereafter, he began attending Rutgers University in fall 2018, electing to commute to school from home. The cost of attendance during the fall 2018 semester was $7,873.

On September 19, 2018, plaintiff filed a motion to compel defendant to contribute to his son's past and future college costs.[3] After a hearing at which

---

[1] On June 25, 2013, a different Family Part judge, after interviewing the parties' son in camera, entered an order finding, inter alia, that the son was "not interested in developing a relationship with [defendant], his father."

[2] On June 29, 2016, January 3, 2017, and August 25, 2018 defendant filed motions to emancipate his son and terminate his child support obligation, which were all denied by the trial court. On February 15, 2017 and November 16, 2017, defendant filed motions to emancipate the child and decrease and/or terminate his child support obligations, and for reimbursement of child support paid from August 8, 2016 through February 2017. These applications were likewise denied.

[3] Defendant filed a cross-motion to emancipate his son and terminate child his child support obligations. The judge's October 21, 2018 order denied the cross-motion. Although defendant argued on the motion for reconsideration that the

A-2162-18T1

defendant testified,[4] the court concluded that defendant should pay half of the son's cost of having attended Camden County Community College, and going forward, a 68 per cent pro rata share of the son's cost of attending Rutgers University.[5]  Judge Rodriguez made her determination after conducting a thorough review of the factors enunciated in Newburgh v. Arrigo, 88 N.J. 529 (1982).

Thereafter, defendant sought reconsideration of the judge's decision.  On December 21, 2018, Judge Rodriguez entered an order denying defendant's motion for reconsideration and granting plaintiff's cross-motion for an award of attorney's fees.[6]  In that regard, Judge Rodriguez "[did] not find that anything new that was unavailable at the motion date of October was pointed out to the court, nor any new cases, or anything that has been pointed out that the [c]ourt overlooked last time in rendering its decision."  In addition, based on her

---

judge erred in denying the application on cross-motion, on appeal he appears to have abandoned that argument, so we find it unnecessary to address it.

[4]  Plaintiff's counsel argued on her behalf, and she did not testify.

[5]  Defendant's salary at the time of the hearing was approximately $86,000 and plaintiff's salary was approximately $39,000.

[6]  At the December 21, 2018 hearing, defendant testified telephonically, and plaintiff's counsel argued on her behalf.

determination that "this is essentially the same motion the second time," the judge found that an award of counsel fees was appropriate. Referencing the factors set forth in Rule 5:3-5, the judge found that (1) defendant's position was not reasonable or in good faith, as it was essentially a rehash of his arguments on the initial motion, "as well as a number of these issues with respect to seeking a modification of child support [which have] been denied a number of times before;" (2) plaintiff obtained a favorable result ; (3) the financial circumstances of the parties demonstrated that plaintiff, who earned roughly half of what defendant earned, was "not a wealthy individual and for her to continue to incur the expense of counsel to deal with similar motions is not appropriate;" and (4) based on her review of the fee certification, the judge found the fees were reasonable. Accordingly, the judge ordered that defendant pay $1,955 in attorney's fees. This appeal ensued.

On appeal, defendant argues that the judge abused her discretion in denying his motion for reconsideration. Specifically, defendant contends that Judge Rodriguez incorrectly applied the first and eleventh Newburgh factors and failed to consider the fourth and ninth factors. Defendant further contends that Judge Rodriguez abused her discretion by ordering him to pay for half the cost of his son's first two years of college "because the request for payment was not

made prior" to his son's enrollment in Camden County Community College. Finally, defendant contends the judge erred in awarding plaintiff counsel fees.

We review denials of motions for reconsideration for abuse of discretion. Guido v. Duane Morris L.L.P., 202 N.J. 79, 87 (2010). Motions for reconsideration "shall state with specificity the basis on which [they are] made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred[.]" R. 4:49-2.

> Reconsideration should be utilized only for those cases which fall into that narrow corridor in which either 1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence . . . .
>
> [Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).]

With this framework in mind, we now turn to defendant's contentions concerning Judge Rodriguez's application of the Newburgh factors. In Newburgh, the Court set forth twelve non-exhaustive factors in considering what portion of college expenses a child may reasonably demand of a non-custodial parent:

> (1) whether the parent, if still living with the child, would have contributed toward the costs of the

6

requested higher education; (2) the effect of the background, values and goals of the parent on the reasonableness of the expectation of the child for higher education; (3) the amount of the contribution sought by the child for the cost of higher education; (4) the ability of the parent to pay that cost; (5) the relationship of the requested contribution to the kind of school or course of study sought by the child; (6) the financial resources of both parents; (7) the commitment to and aptitude of the child for the requested education; (8) the financial resources of the child, including assets owned individually or held in custodianship or trust; (9) the ability of the child to earn income during the school year or on vacation; (10) the availability of financial aid in the form of college grants and loans; (11) the child's relationship to the paying parent, including mutual affection and shared goals as well as responsiveness to parental advice and guidance; and (12) the relationship of the education requested to any prior training and to the overall long-range goals of the child.

[Newburgh, 88 N.J. at 545.]

See also Gotlib v. Gotlib, 399 N.J. Super. 295, 309 (2008).

Subsequently, an amendment to the child-support statute, N.J.S.A. 2A:34-23(a), codified this list of factors. Kiken v. Kiken, 149 N.J. 441, 449-50 (1997). "Thus, a trial court should balance the statutory criteria of N.J.S.A. 2A:34-23(a) and the Newburgh factors, as well as any other relevant circumstances, to reach a fair and just decision whether and, if so, in what amount, a parent or parents must contribute to a child's educational expenses." Gac v. Gac, 186 N.J. 535, 543 (2006).

7

In deciding the initial October 2018 motion, Judge Rodriguez expressly considered and appropriately weighed factors one, four, nine and eleven, among others, to reach a fair and just decision. As to the first factor, the judge considered the parties' own educational backgrounds and the provision in their PSA, which contemplated that a court would intervene and make a determination if the parties could not agree on a choice of college or their relative contributions, which is exactly what happened in this case.

Likewise, we reject defendant's argument that the judge incorrectly applied factor number eleven. The judge acknowledged that defendant and his son do not have a good relationship, but noted that

> it's not the worst scenario I've ever seen or read. In fact, there is some relationship. And as I said, I certainly hope it will be strengthened between the son and his father, but there are situations in case where there have been some very difficult and nasty comments said between the child and the parent. That's not the case here. But even if that were the case, I'm not saying that under the law that means that a parent can't – or can't be ordered to contribute to its college.

We discern no error in that finding. See Gac, 186 N.J. at 546 (holding "[a] relationship between a non-custodial parent and a child is not required for the custodial parent or the child to" request assistance for college expenses).

Also belied by the record is defendant's contention that the judge on the original motion failed to consider factor number four concerning defendant's ability to pay the costs for his son's college education. To the contrary, Judge Rodriguez made detailed findings concerning the parties' relative salaries and she also considered defendant's other obligations, including his obligation to pay his own student loans, before concluding that defendant was capable of making a pro rata contribution. As to factor number nine, the judge found that the child had successfully availed himself of grants and loans, and that he also held a part-time job.

Similarly without merit is defendant's argument that the judge erred in requiring him to pay half of his son's past-incurred Camden County Community College expenses. Defendant argues that the judge overlooked the Supreme Court's decision in Gac holding that failure to request contribution before a child's enrollment in college "will weigh heavily against the grant of a future application." 186 N.J. at 546-47. Again, defendant's assertion is belied by the record.

In that regard, Judge Rodriguez on the original motion found that the facts and circumstances of this case do not invoke the concerns expressed by the Supreme Court in Gac. The judge noted that unlike the facts in Gac,

> Your son didn't attend a high priced college or university, but rather, as it's been pointed out and I think there's no dispute, he's approached this in the most economical way possible, which is two years of community college, transfer, then to a four-year institution.
>
> And you, sir, I believe you did something like that as well.
>
> So while in a perfect world, both parents sitting down with the child, going through maybe a couple of brochures and options, I find that that's certainly more of the situation – in other words, not permitting going back, and having a parent pay tuition in the past is more of a situation, such as Gac v. Gac, where the child goes to some really expensive school and the noncustodial parent says, wait a minute, nobody even checked with me, that's not fair, I would have recommended that they go to community college. Well, that's where we are. Your son did select the most economical way to get his advanced degree.

In short, we conclude the judge did not abuse her discretion in denying defendant's motion for reconsideration because defendant made no showing that the judge expressed her decision based upon a palpably incorrect or irrational basis, nor did he point to probative, competent evidence that the judge failed to consider or appreciate. See Cummings, 295 N.J. Super. at 384 (citation omitted).

We likewise conclude the judge did not err in awarding plaintiff attorney's fees. Judge Rodriguez made reference to the applicable factors set forth in Rule

5:3-5,[7] finding that (1) defendant's position was not reasonable or in good faith, as it was essentially a rehash of his arguments on the initial motion; (2) plaintiff prevailed; (3) the financial circumstances of the parties demonstrated that plaintiff, who earned roughly half of what defendant earned, was "not a wealthy individual and for her to continue to incur the expense of counsel to deal with similar motions is not appropriate;" and (4) based on her review of the fee certification, the judge found the $1,955 fee was reasonable. We conclude the judge's findings are supported by substantial credible evidence in the record and that her award of attorney's fees was entirely within the bounds of her discretion.

---

[7] Rule 5:3-5(c) sets forth the following nine factors to guide the court's discretion in awarding counsel's fees in a Family Part action:

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders to compel discovery; and (9) any other factor bearing on the fairness of an award.

A-2162-18T1

To the extent that we have not specifically addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2162-18T1